UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR RODRIGUEZ, | No. C 09-1769 MHP (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| MR. CATE, etc.; et al., | |
| Defendants. | |

## INTRODUCTION

Cesar Rodriguez, an inmate at Pelican Bay State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

Rodriguez alleges in his complaint that he suffered from an inguinal hernia for many months due to inaction on the part of prison medical care providers. He alleges that he began complaining in August 2007 of pain and rectal bleeding, but his complaints were ignored. He was able to go to the facility clinic on August 21, 2007, but was unable to see a doctor. For fifteen months, he was not treated. He was evaluated by family nurse practitioner Sue Risenhoover at some point during that period, but she did not recommend surgery and denied him access to a doctor. Complaint, p. 19. Rodriguez alleges that chief medical officer Dr. Sayre instructed prison medical personnel that pain and suffering was not the concern of staff; due to policies implemented by Dr. Sayre, Rodriguez had to suffer needlessly for

fifteen months until the Del Norte County Superior Court intervened. A surgical evaluation was recommended in the course of that state court case. On November 10, 2008, Rodriguez was examined by Dr. Polidore, who quickly concluded that Rodriguez needed surgery. Dr. Martinelli examined him two days later and quickly concurred that he needed surgery as soon as possible. Within a week, on November 18, 2008, the surgery was performed. Rodriguez also contends that due to the delay in having the surgery, his bladder and left testicle were damaged and he has to take medications with serious side effects. In addition to Risenhoover and Sayre, Rodriguez names as defendants Cynthia Gorospe and Maureen McLean, who allegedly denied his inmate appeals. Id. at 19-20. He also names warden Horel and CDCR director Cate, who allegedly denied his requests for aid. See id. at 16.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1976). To prove that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately

1 indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards
2 that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S.
3 825, 837, 844 (1994).

4     Liberally construed, the complaint states a § 1983 claim against defendants
5 Risenhoover, Sayre, Gorospe, McLean, Horel and Cate for violating Rodriguez's Eighth
6 Amendment rights by acting with deliberate indifference to his serious medical needs based
7 on their alleged roles in the 15+ month delay in providing surgery for Rodriguez's hernia.

8     Rodriguez also requests in his complaint that counsel be appointed to represent him in
9 this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate
10 counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v.
11 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the
12 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro
13 se in light of the complexity of the legal issues involved. See id. Neither of these factors is
14 dispositive and both must be viewed together before deciding on a request for counsel under
15 § 1915(e)(1). Appointment of counsel is not warranted at this time.

## CONCLUSION

17     For the foregoing reasons,

18     1.    Plaintiff has stated a cognizable § 1983 claim against defendants Risenhoover,
19 Sayre, Gorospe, McLean, Horel and Cate. All other defendants and claims are dismissed.

20     2.    The clerk shall issue a summons and the United States Marshal shall serve,
21 without prepayment of fees, a copy of the complaint and this order upon the following
22 individuals, all of whom apparently are employed at Pelican Bay State Prison, except for
23 defendant Cate who is employed at the CDCR headquarters in Sacramento:

- Sue Risenhoover (family nurse practitioner)
- Dr. Michael Sayre (chief medical officer)
- Cynthia Gorospe (health care appeals coordinator)
- Maureen McLean (health care manager)
- Robert Horel (warden)
- Mr. Cate (Secretary of Cal. Dept. Of Corrections & Rehabilitation)

3

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

  a. No later than **December 11, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

  b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 15, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

  c. If defendants wish to file a reply brief, they must file and serve the reply brief no later than **January 29, 2010**.

4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Plaintiff's motion for appointment of counsel is DENIED. (Docket # 4.)

IT IS SO ORDERED.

Dated: 10-5-09

Marilyn Hall Patel
United States District Judge